[Civ. No. 4007.   Third Appellate District.—October 30, 1930.]

GEORGE A. BARCELOUX, Respondent, v. C. L. DONOHOE et al., Appellants.

Werner Olds and Joseph E. Bien for Appellants.

M. J. Rankin for Respondent.

MR. PRESIDING JUSTICE FINCH DELIVERED THE OPINION OF THE COURT.—This action arises out of a sale by the defendants to the plaintiff of a part of the capital stock of the Bank of Orland. The defendants executed a written option to sell their shares of stock to the plaintiff at prices per share stated in the option. The option contained the following:

"It is expressly understood and agreed that should the sale of this bank stock hereinbefore mentioned, be consummated and completed hereunder, that upon the payment for the same as herein provided by the party of the second part, the parties of the first part will sign, execute and deliver to the party of the second part that certain agreement, a copy of which is attached hereto and marked 'Exhibit A' and made a part hereof . . . the execution of the said agreement by the parties of the first part . . . being part of the consideration for the sale of said capital stock and the purchase thereof by the party of the second part."

The agreement referred to contained the following:

"Whereas, there is now pending in the Superior Court, State of California, County of Glenn, two law suits in which

the Bank of Orland is plaintiff, and T. W. Harlan is defendant, the amount involved in the said two suits being the sum of $10,000., and the said $10,000., being equal to the sum of $20., per share of all of the capital stock of the Bank of Orland, and

"Whereas, the loss to the Bank of Orland of the said $10,000., the amount involved in the said two suits or any portion thereof, will depreciate the value of the capital stock of said bank which may be sold under said option agreement to said George A. Barceloux proportionately as the amount of said loss which said bank may sustain in said suits bears to the whole capital stock of said bank.

"Now, therefore, we, the undersigned, respectively undertake and agree to pay to George A. Barceloux, at the conclusion of said litigation hereinbefore mentioned, whatever sum per share the whole capital stock of said Bank of Orland may have been depreciated by reason of loss of the said sum or any part of said sum of money involved in said two suits to said Bank of Orland on the said stock sold by us respectively to him under said option, provided, however, that said sum shall not exceed $11.34 per share on each share of stock of the Bank of Orland so sold to him."

These instruments were delivered to the plaintiff, together with the capital stock referred to therein, and he thereupon paid the full purchase price of the stock agreed upon between the parties. The two suits of the *Bank of Orland* v. *Harlan*, referred to in the agreement, terminated without any recovery by the bank, for the reasons stated in *Bank of Orland* v. *Harlan*, 188 Cal. 413, 419 [206 Pac. 75], in which it was held that the transaction between the bank and Harlan, upon which the suits were based, was in violation of law, constituting a felony, and that, therefore, no recovery could be had thereon.

The court found on uncontradicted evidence, "that by reason of the said final judgment entered in the Harlan lawsuits, the said Bank of Orland did lose the same and failed to recover anything therein, and that the actual loss to the Bank of Orland by reason of the loss of said two lawsuits was and is the sum of $8,810, besides cost of suit, attorney's fees, witness fees, and other expenses. That the said loss of $8,810., by the Bank of Orland did depreciate the value of the capital stock of said bank in the amount of $17.62 per

share on each share of the stock of said Bank of Orland sold by defendants to plaintiff''.

Judgment was entered in favor of the plaintiff against the respective defendants for the amount of the depreciation of their respective shares of stock at the rate of $11.34 per share. The defendants have appealed from the judgment.

█ The appellants' principal argument is that the agreement attached to the option contract "is an indemnity agreement and purports to indemnify plaintiff against acts constituting a felony committed by the Bank of Orland and T. W. Harlan, and is therefore void and unenforceable'', under the provisions of section 2772 of the Civil Code. Appellants arrive at this conclusion by treating such agreement attached to the option contract as an independent agreement. Plainly, it is not such. The terms of the two instruments must be construed together as a single contract, and upon the consummation of the transaction constituted an agreement of sale for a conditional purchase price dependent upon the outcome of the Harland suits. █ The fact that Barceloux paid to the defendants the conditional part of the purchase price, instead of retaining it until the litigation was ended, is wholly immaterial. The agreement between the parties must be construed to the same effect as if it still remained executory, in which case no one would contend that it constituted anything other than an agreement of sale at a conditional purchase price.

The other points made by the appellants are so obviously without merit that no discussion thereof is deemed necessary.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 28, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 29, 1930.